

## STOCKHOLDER AGREEMENT

THIS STOCKHOLDER AGREEMENT, dated this 26th day of February, 1998, by and between MORTON G. THALHIMER, INC., a Virginia corporation (the "Company") and the undersigned individuals consisting of all of the holders of the issued and outstanding common stock of the Company (the "Stockholder(s)");

### WITNESSETH:

WHEREAS, the Company and the Stockholders have agreed that it would be beneficial to and in the best interests of the parties hereto for the Company to file an election under Subchapter S ("Subchapter S") of the Internal Revenue Code of 1986, as amended (the "IRC") to be taxed as an "S Corporation" as that term is defined under applicable provisions of Subchapter S of the IRC ("S Corporation"); and

WHEREAS, the Stockholders desire certain assurances by the Company concerning the availability of funds for the payment of income taxes which they will be required to pay as a result of the Company's operation as a S Corporation;

NOW, THEREFORE, in consideration of these premises and the mutual covenants and conditions herein contained, the parties hereto agree as follows:

1. **Minimum Distributions.** For each calendar year of the Company during which the Company is an S Corporation, the Company shall distribute to each Stockholder a certain minimum amount of cash ("Minimum

EXHIBIT B TO COMPLAINT

Distribution") which shall be equivalent to the estimated federal and state income tax liability of the particular Stockholder for such year based on the combined maximum federal and state income tax brackets for individuals in effect for such year, which taxes are attributable solely to the taxation of the particular Stockholder under Subchapter S on a pro-rata share of the Company's net income as an S Corporation for such year. The Minimum Distribution required hereunder shall be paid by the Company, in such amounts as the Company may reasonably determine, on April 1, June 1, September 1 and December 30 of each year.

2. **Limitations.** Nothing contained in this Agreement shall require or be construed to require the Company to make any distributions to any Stockholder in excess of the Minimum Distribution provided under Paragraph 1 hereof. Any Stockholder's tax liability attributable to distributions from the Company as distinguished from the tax liability imposed by virtue of the pass-through provisions of Subchapter S shall be excluded from the Minimum Distributions provided under Paragraph 1 hereof. Nothing contained in this Agreement shall preclude or be construed to preclude the voluntary revocation of the Company's status as an S Corporation by action of a majority of the Stockholders.

3. **Action by Stockholders.** The Stockholders agree to vote their stock in the Company so as to cause the Company to make the Minimum Distribution required under Paragraph 1 hereof.

4. **Restrictions on Transfer of Shares.** Notwithstanding any provisions to the contrary in the Buy-Sell Agreement between the Stockholder and the Company, each Stockholder agrees not to sell, assign or in any way transfer any shares of the Company's stock to any corporation, partnership or other entity or individual which would not be a qualified shareholder for Subchapter S purposes under applicable provisions of the IRC then in effect. At least thirty (30) days prior to making any sale, assignment or other transfer of any shares of the Company's stock, the Stockholder shall provide the Company with written notice of his intention to sell, assign or transfer such stock which notice shall include the identity of the intended purchaser, assignee or transferee. Within ten (10) days of its receipt of such notice, the Company shall provide the Stockholder with written notice as to whether or not the intended sale, assignment or transfer would be to a qualified or non-qualified shareholder under the Subchapter S provisions of the IRC then in effect.

5. **Notices.** Any notices required hereunder shall be in writing and shall be deemed to be properly delivered when sent by U.S. mail, postage prepaid, certified with return receipt requested, or delivered by hand, and addressed or delivered to the Company at its business address in Richmond, Virginia, Attention: Edmond S. Pittman, and if to any Stockholder, addressed or delivered to the particular Stockholder at the address shown beneath the particular Stockholder's signature at the end of this Agreement

or at such other address as may be shown in the Company's records then in effect.

6. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and assigns.

7. **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia.

8. **Complete Agreement: Amendment: Termination.** This Agreement contains the entire agreement between the parties hereto relating to the subject matter hereof. This Agreement shall not be amended or modified in any way except by a written instrument executed by the parties hereto. This Agreement shall be terminated without further action by any of the parties hereto and shall have no further force or effect in any year in which the Company is not an S Corporation; provided, however, that in the event of any termination of this Agreement by virtue of the fact that through inadvertence the Company is not an S Corporation, this Agreement shall thereafter be fully reinstated and remain in full force and effect in accordance with the terms hereof in the further event that the Company should again become an S Corporation.

9. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute a single agreement.

WITNESS the following signatures and seals.

MORTON G. THALHIMER, INC.

By: _____ (SEAL)
    Paul F. Silver, President

COMPANY STOCKHOLDERS:

_____
Paul F. Silver
9001 Forest Ridge Court
Richmond, Virginia 23229

_____
Jeffrey S. Bisger
8911 Keystone Drive
Richmond, Virginia 23226

_____
James S. Watkinson
14 Rio Vista Lane
Richmond, Virginia 23226

_____
H. Merrill Plaisted, III
9013 Wood Sorrel Court
Richmond, Virginia 23229

_____
Edmond S. Pittman
13809 Winterberry Ridge
Midlothian, Virginia 23112

_____
Gary L. Hooper
309 Charmian Road
Richmond, Virginia 23226

_____
George C. Stuckey
4201 Oxford Circle, East
Richmond, Virginia 23221

_____
Ann Stuckey, Custodian for Andrew Stuckey
c/o George C. Stuckey
4201 Oxford Circle, East
Richmond, Virginia 23221

_____
G. Andrew Stuckey
c/o George C. Stuckey
4201 Oxford Circle, East
Richmond, Virginia 23221

_____
Ann Stuckey, Custodian for David Stuckey
c/o George C. Stuckey
4201 Oxford Circle, East
Richmond, Virginia 23221

_____
David A. Stuckey
c/o George C. Stuckey
4201 Oxford Circle, East
Richmond, Virginia 23221

7

_____
Kathy W. Ivins
10220 Uppingham Court
Richmond, Virginia 23235

_____
Sue B. Manhart
Post Office Box 33
Studley, Virginia 23162

_____
Steven B. Brincefield
2410 Oakengate Lane
Midlothian, Virginia 23113

_____
Frederick W. Plaisted, II
7910 Rock Creek Road
Richmond, Virginia 23229

_____
Mark E. Douglas
9701 Deborah Ridge Place
Richmond, Virginia 23233

_____
R. Scott Douglas
4103 Beechmont Road
Richmond, Virginia 23235

_____
John G. Myers, Jr.
3715 Monument Avenue
Richmond, Virginia 23230

_____
J. Gordon Valentine
Post Office Box 702
Richmond, Virginia 23218