UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| STEVEN B. BRINCEFIELD, on behalf of the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan, and derivatively on behalf Of Morton G. Thalhimer, Inc. as Trustee of the Steven B. Brincefield Revocable Trust, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:17cv718 |
| LANCE T. STUDDARD, et al., | ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| MORTON G. THALHIMER, INC., | ) ) | |
| Nominal Defendant. | ) | |

## STIPULATION OF SETTLEMENT

This case has been resolved by compromise, subject to and expressly conditioned upon: (1) the approval of the Special Fiduciary of the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan, of the Settlement Agreement and Release on behalf of the ESOP; (2) this Court's approval of the terms and conditions of this Stipulation of Settlement ("Stipulation") and Settlement Agreement; (3) the Bankruptcy Court's authorization of Cincinnati Insurance Company's payment of the allocated portion of the Settlement Fund from the proceeds of the Blue Chip Policy, and (4) this Court's Order granting Morton G. Thalhimer's Renewed Motion to Terminate the Derivative Proceeding (ECF No. 185). The Settlement Agreement, as further defined below, is stipulated, subject to its conditions, by and among Morton G. Thalhimer, Inc.

1

("Thalhimer"), Jeffrey S. Bisger ("Bisger"), Paul F. Silver ("Silver"), C. Lee Warfield, III ("Warfield"), Evan M. Magrill ("Magrill"), David R. Dustin, Jr. ("Dustin"), Lance T. Studdard ("Studdard"), Steven B. Brincefield, individually and on behalf of the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan ("ESOP"), and as Trustee of the Steven B. Brincefield Revocable Trust ("Brincefield" or "Plaintiff").

The Settling Parties, without admitting fault or liability, and wishing to resolve, compromise and settle all claims that have been or could have been asserted by any of them against the others, intend this Stipulation and Settlement Agreement to fully, finally, and forever resolve, discharge and settle the Released Claims (as defined below), subject to the terms and conditions of this Stipulation. The Parties, by counsel, stipulate that they have settled the claims as follows:

## I.    SETTLEMENT AGREEMENT TERMS.

### 1. Definitions.

1.1    "Lawsuit" means the case styled *Steven B. Brincefield, Individually, and on Behalf of the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan, and Derivatively on behalf of Morton G. Thalhimer, Inc. as Trustee of the Steven B. Brincefield Revocable Trust v. Lance T. Studdard, et al., and Morton G. Thalhimer, Inc. as Nominal Defendant*, Case No. 3:17cv718, pending in the United States District Court for the Eastern District of Virginia, Richmond Division.

1.2    "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, in the case styled *In re MGT Construction Management, Inc.*, Bankr. Case No. 18-30835-KRH.

1.3    "Cincinnati" means Cincinnati Insurance Company.

2

1.4   "Blue Chip Policy" means the Blue Chip Policy issued by Cincinnati to Morton G. Thalhimer, Inc., policy number BCD-0011332, for the policy period November 1, 2014 to March 21, 2017.

1.5   "Bankruptcy Order" means the entry of an Order by the Bankruptcy Court in *In re MGT Construction Management, Inc.*, Case No. 18-30835-KRH, United States Bankruptcy Court for the Eastern District of Virginia authorizing the payment of $1,175,000 of Policy proceeds from the Blue Chip Policy by Cincinnati so that Cincinnati may pay its portion of the Settlement Fund.

1.6   "Complaint" means the Verified Amended Complaint filed by Brincefield in this case (ECF No. 46).

1.7   "Defendants" means Jeffrey S. Bisger ("Bisger"), Paul F. Silver ("Silver"), C. Lee Warfield, III ("Warfield"), Evan M. Magrill ("Magrill"), David R. Dustin, Jr. ("Dustin"), and Lance T. Studdard ("Studdard").

1.8   "ESOP" means the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan.

1.9   "Special Fiduciary" means Howard Kaplan, not in his corporate or individual capacity, but solely in his capacity as Special Fiduciary of the ESOP.

1.10   "Effective Date" means the later of (i) date on which the Judgment finally approving this Stipulation and Settlement becomes Final, and (ii)  the date on which the Bankruptcy Order becomes Final.

1.11   "Final" with respect to the Judgment means the date on which all appellate rights with respect to the Judgment have expired or have been exhausted in a manner to affirm the Judgment, and when no further appeals are possible, including review by the United States Supreme Court, and with respect to the Bankruptcy Order, means the date on which all appellate rights with respect to the Bankruptcy Order have expired or have been exhausted in a manner to

3

affirm the Bankruptcy Order, and when no further appeals are possible, including review by the United States Supreme Court.

1.12   "Judgment" means a judgment and order dismissing this case entered by the Court granting final approval of the Settlement and entering a judgment per the terms of this Stipulation.

1.13   "Plaintiff" or "Brincefield" means Steven B. Brincefield, individually and on behalf of the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan ("ESOP").

1.14   "Released Claims" means all claims, demands, rights, liabilities, and causes of action arising under federal or state law, whether based on statutory or common law, whether arising in law or equity, whether brought by Plaintiff, or on behalf of or in the name of the ESOP or its participants, known or unknown, concealed or hidden, (i) which arise out of or are related to the allegations in the Complaint or (ii) which arise out of or are related to the claims that were asserted or could have been asserted in the Complaint, or (iii) which arise out of or are related to any right or entitlement to equitable or legal remedies, whether by way of damages, recoupment, disgorgement or avoidance of the transactions at issue in the Complaint, including but not limited to distributions to cover tax liabilities; or (iv) which arise out of or are related to the actions, statements or conduct of the Settlement Parties before or during the pendency of the Lawsuit.

1.15   "Released Parties" means the Defendants, in their individual capacities or in their capacity as officers or directors or fiduciaries of Thalhimer or its subsidiaries and affiliate or the ESOP, and where the Released Parties are natural persons, their personal representatives, heirs, estates, agents, and insurers, and where the Released Parties are entities, their officers, managers, directors, employees, agents, members, shareholders, subsidiaries, affiliates, predecessors, successors, assigns, and insurers, and all their officers, managers, directors, employees, agents, members, shareholders, subsidiaries, affiliates, predecessors, successors,  assigns and insurers.

4

"Released Parties" also includes Brincefield in all his capacities and including but not limited to his personal representatives, heirs, estates, agents, and insurers.

1.16   "Settling Parties" means the Plaintiff, Defendants, and ESOP.

1.17   "Settlement Fund" means One Million Seven Hundred and Fifty Thousand dollars ($1,750,000), of which Cincinnati Insurance Company shall contribute One Million One Hundred and Seventy-Five Thousand Dollars ($1,175,000) as proceeds from the Blue Chip Policy pursuant to the Bankruptcy Order.

1.18   "Stipulation" means this Stipulation of Settlement, including its Exhibits.

1.19   "Thalhimer" means Morton G. Thalhimer, Inc.

**2.   Conditions Precedent to Enforcement of the Settlement Agreement.**

2.1   The Settlement Agreement is expressly conditioned on (i) the Court's approval of the Settlement Agreement and the Judgment becomes Final; and (ii) the entry of the Bankruptcy Order so that Cincinnati may pay its portion of the Settlement Fund and the Bankruptcy Oder becomes Final.  Should either condition fail to be satisfied, then this Settlement Agreement is void and this Stipulation may not be used by any Party for any purpose.   The Parties agree that by executing this Stipulation and entering into this Settlement Agreement, no Party has waived any claim or defense, nor has any Party made any admission that may be used by any other person for any reason in this Lawsuit or any other proceeding.

2.2   Contemporaneous with the filing of this Stipulation, Plaintiff will file a notice with the Court withdrawing his opposition to Thalhimer's Renewed Motion to Terminate the Derivative Proceeding (ECF No. 185), which notice shall provide that Plaintiff does not object to entry of an order dismissing the derivative claims with prejudice at Thalhimer's request, and that the order

dismissing the derivative claims be entered before the Court's approval of this Settlement Agreement; provided that such order shall become effective when the Judgment if Final.

2.3    This Settlement Agreement is also expressly conditioned upon the Court's entry of an order granting Thalhimer's Renewed Motion to Terminate the Derivative Proceeding and entry of an order dismissing the derivative claims brought by Plaintiff with prejudice. Should Plaintiff fail to file a notice withdrawing his opposition to Thalhimer's Renewed Motion to Terminate the Derivative Proceeding, or should the Court not enter an order dismissing the derivative claims in the Lawsuit with prejudice before entering an order approving this Settlement Agreement, or should the Bankruptcy Court not enter the Final Bankruptcy Order so that Cincinnati may pay its portion of the Settlement Fund, then the Settlement Agreement is void.

2.4    Should the Judgement approving the Settlement and dismissing the derivative claims with prejudice pursuant to Thalhimer's Renewed Motion to Terminate not become Final, or should the Bankruptcy Order not become Final, or should any party terminate this Stipulation pursuant to paragraphs 8.1 to 8.4, then (i) the order dismissing the derivative claims with prejudice shall become void effective *nunc pro tunc* the date of entry, (ii) Plaintiff will be deemed to have withdrawn his notice withdrawing his opposition to Thalhimer's Renewed Motion to Terminate the Derivative Proceedings, and (iii) the Parties shall return to the same positions they held before filing this Stipulation, including as outlined in paragraph 8.4 below.

2.5    This Settlement Agreement is also expressly conditioned upon the Special Fiduciary's determination, with the assistance of outside counsel, that the terms of the settlement are fair, reasonable, and adequate to the ESOP, and the Special Fiduciary's agreement to enter into the Settlement Agreement on behalf of the ESOP for the purpose of approving the Settlement and agreeing on behalf of the ESOP and all its current and former participants and beneficiaries to

fully, finally, and forever release, relinquish and discharge all Released Claims against the Released Parties. The Special Fiduciary, and the other Parties, shall agree to be bound by the terms of this Stipulation and Settlement Agreement by endorsing Exhibit 1, "Agreement To Be Bound By Stipulation and Settlement Agreement."

**3.   No Admission.**

3.1   The Defendants expressly deny wrongdoing or any liability to Plaintiff, the ESOP, the ESOP's participants or Thalhimer or to each other on any grounds.  They agree to this Stipulation and Settlement Agreement to compromise disputed claims and to avoid the expense, inconvenience and disruption that would result from continued litigation.

**4.   Payment of Settlement Funds.**

4.1   Upon satisfaction of the conditions precedent to the formation of a binding Settlement Agreement set forth in Sections 2.1-2.4 above, Defendants agree to pay the Settlement Fund.  The Settlement Fund shall be disbursed on the Effective Date as follows:  (1) Plaintiff shall receive Seven Hundred Thousand Dollars ($700,000); (2) Plaintiff's Counsel shall receive Eight Hundred and Twenty-Five Thousand Dollars ($825,000); and (3) the ESOP shall receive Two Hundred and Twenty-Five Thousand Dollars ($225,000).  In addition, Plaintiff's Counsel shall be entitled to retain the Thirteen Thousand Three Hundred and Fifty Dollars ($13,350) obtained as part of settlement of claims asserted against Sheldrick, McGehee & Kohler, LLC (SMK"), which were dismissed pursuant to the Court's order (ECF No. 173).  Those funds are to off-set costs incurred by Plaintiff in pursuing his claims on behalf of the ESOP.

4.2   With the exception of Cincinnati's contribution to the Settlement Fund, Defendants shall make a good faith effort to deposit  their portion of Settlement Funds with O'Hagan Meyer, PLLC's IOLTA Trust Account within thirty (30) days following the filing of this Stipulation.  Prior

7

to the Effective Date, Cincinnati shall deliver to its counsel, Peters & Nye, LLP, a check made payable to the order of Craddock Law PLC's IOLTA Trust Account for its portion of the settlement fund ($1,175,000) (the "Cincinnati Check"). O'Hagan Meyer, PLLC agrees to notify Peters & Nye, LLP when the Judgment is Final via email to Victor Peters before 9:00 a.m. (Eastern Daylight Time) on the date that the Judgment is Final. On the Effective Date, Peters & Nye, LLP shall send via FedEx overnight delivery the Cincinnati Check to Craddock Law PLC, located at the following address: Craddock Law PLC, 244 Clark Point Drive, White Stone, VA 22578. On the Effective Date, O'Hagan Myer, PLLC shall transfer the other portions of the Settlement Funds to Craddock Law PLC's IOLTA Trust Account, which account information will be provided to Defendants. O'Hagan Meyer, PLLC agrees to notify Peters & Nye, LLP when the other portions of the Settlement Fund will be transferred via email sent to Victor Peters before 9:00 a.m. (Eastern Daylight Time) on the date the other portions of the Settlement Fund are transferred.

**5.    Other Terms of Settlement.**

5.1    Once Craddock Law PLC's bank notifies it that the Cincinnati Check and money transfer from O'Hagan Meyer, PLLC have cleared, Plaintiff shall cause to be surrendered to any current Thalhimer stockholder(s) approved by Thalhimer (the "Approved Stockholders"), for no additional consideration, all certificates, or lost stock affidavits, duly endorsed for transfer to the Approved Stockholders, of all Thalhimer stock ever owned by the Plaintiff, whether owned directly or indirectly or in trust, free and clear of any encumbrance, charge, claim, lien, option, pledge, security interest or restriction of any kind. The effective date for the transfer of Plaintiff's Thalhimer stock shall be 12:01 a.m. Eastern Time, January 1, 2019.

5.2.    Thalhimer represents and warrants that Plaintiff shall not incur a federal or state income tax liability attributable to Thalhimer's net income for tax year 2018, provided that Plaintiff

utilizes all available suspended losses from prior tax years. Should Plaintiff incur a tax liability after appropriately applying suspended losses from prior tax years, then Plaintiff shall provide Thalhimer with a letter from a certified public accountant ("CPA") attesting to the fact that (1) the CPA has investigated and obtained information regarding all available suspended losses from prior tax years available to offset the income attributable Thalhimer's net income for tax year 2018; (2) that based on CPA's investigation, all available suspended losses were properly suspended in prior years and appropriately used to offset taxes in 2018, and (3) the amount of tax attributable to the 2018 K-1 issued by Thalhimer (the "CPA Letter"). Thalhimer shall provide Plaintiff the 2018 K-1 and his 2018 basis schedule and suspended loss schedule. Thalhimer will pay Plaintiff liquidated damages for breach of this warranty equal to the amount of the tax liability plus 10% to compensate for the hiring of the CPA. Should Thalhimer fail to make such payment within 14 business days following receipt of the CPA Letter, then the CPA Letter shall be deemed to be an arbitrator's award, and Plaintiff shall be entitled to obtain a court's order affirming the arbitration award of liquidated damages. Thalhimer shall be liable to Plaintiff for all costs incurred by him including but not limited to attorneys' and consultant fees, accountants fees and any other costs or expenses incurred as a result of Thalhimer's actions.

5. 3.   Upon the Effective Date, all contracts or agreements that Plaintiff has or ever had with Thalhimer, including the 1998 Shareholder Agreement and the 1987 Buy-Sell Agreement shall be rendered null and void, and Thalhimer shall not owe Plaintiff any duty or obligation under those agreements or any other agreement, except for this Settlement Agreement.

5.4.   Upon the Effective Date, Plaintiff shall be deemed to have forfeited and released all rights as a participant or beneficiary of the ESOP.

9

5.5    Non-Disparagement.   The Parties agree that each of them will not disparage any other Party orally or in writing regarding matters encompassed by or related to this Stipulation and Settlement Agreement or the circumstances leading up to it, including with respect to the allegations made in the Complaint and the conduct of any Party in the filing or defense of the Lawsuit.  The Parties will not state, allege, or otherwise suggest to any person or entity that any Party has engaged in any form of illegal, unprofessional, immoral, fraudulent, deceptive, unfair, or otherwise improper conduct regarding the matters encompassed by this Stipulation and Settlement Agreement, or related to the circumstances leading up to it, or the conduct of any Party in the filing or defense of this Lawsuit.  Nothing in this Paragraph 5.5 shall be construed to limit what any Party may testify to during a deposition or evidentiary hearing or trial in a legal or administrative proceeding ("Legal Proceeding"), nor shall it be deemed to limit what a Party may state in a declaration or affidavit or other pleading filed in a Legal Proceeding.  No such testimony or statement made in connection with a Legal Proceeding by a Party shall entitle any other Party to bring a claim for breach of this provision.

**6.**    <u>**Release.**</u>

6.1    Upon the Effective Date, Plaintiff, in his individual capacity and on behalf of his executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents, successors, assigns and all those who also claim by or through them or assert claims on their behalf,  and as Trustee of the Steven B. Brincefield Revocable Trust ("Trust"), on behalf of the Trust and all those who are beneficiaries, irrespective of whether they are vested or contingent beneficiaries, shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

6.2     Upon the Effective Date, Plaintiff in his representative capacity on behalf of the ESOP, and all those who also claim by or through him or whose behalf he has asserted claims in this Lawsuit, including but not limited to all participants or beneficiaries of the ESOP, shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

6.3     Upon the Effective Date, the Special Fiduciary of the ESOP, by his or her signature on Exhibit 1 signifying his or her agreement to be bound by this Stipulation and Settlement Agreement on behalf of the ESOP, and its current and former participants and beneficiaries, shall be deemed to have and by operation of the Judgment shall have fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties on behalf of the ESOP and all its current and former participants and beneficiaries.

6.4     Upon the Effective Date, each Defendant, and all those who also could claim by or through him shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against Brincefield as specified in the definition of Released Parties.

7.      **Actions Necessary to Effectuate Settlement.**

7.1     Following execution of this Stipulation by all Parties, Thalhimer or Cincinnati shall apply to the Bankruptcy Court for an order authorizing Cincinnati's payment of its portion of the Settlement Fund from the Policy proceeds of the Blue Chip Policy; provided, however, Thalhimer or Cincinnati may attempt to meet and confer with the bankruptcy trustee for the MGT Construction Management, Inc. bankruptcy estate before filing a motion in the Bankruptcy Court seeking that court's authorization for the payment of $1,175,000 of Policy proceeds from the Blue Chip Policy by Cincinnati.

11

7.2     The Parties shall file this Stipulation and Settlement Agreement with the Court along with a joint motion with the Court seeking the Court's approval of the Settlement Agreement.

7.3     Upon filing of the proposed Stipulation with the Court, the Parties may jointly seek an order staying the Lawsuit except for such proceedings as may be necessary either to implement the proposed Stipulation and Settlement Agreement, or to comply with or effectuate the terms of the Stipulation and Settlement Agreement.

**8.     Other Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination.**

8.1     The Settling Parties, individually or collectively, at any of their sole discretion, shall each have the right to void the Settlement Agreement and this Stipulation, in the event that the Court's approval of the Stipulation is made to depend upon a material change to the Stipulation or Settlement Agreement including, without limitation, changes in the scope of the Release, changes in the allocation of Settlement Funds, or if the Bankruptcy Court does not authorize the use of proceeds from the Blue Chip Policy to fully fund the portion of the Settlement Fund that will be paid by Cincinnati.

8.2     If any Settling Party elects to void the Settlement Agreement, then the Stipulation and Settlement become void as to all Plaintiffs and Defendants without further action.

8.3     To be effective, the decision of any Settling Party to void the Settlement Agreement and Stipulation under Section 8.2 must be communicated in writing by delivering written notice of the Settling Party's election to terminate the Settlement ("Void Notice") to all Parties within fifteen (15) days of a the event described in Section 8.1; provided, however, that Defendants and Brincefield shall have the right to terminate the settlement at any time before the Effective Date if the conditions in Section 2.1-2.4 have not been met.

12

8.4    In the event that any Settling Party provides Notice of Voiding the Stipulation and Settlement Agreement in compliance with Section 8.3, then (i) this Settlement Agreement and Stipulation shall be void and of no further force and effect; (ii) the Parties shall be restored to the respective positions immediately before the execution of this Stipulation and Settlement Agreement was signed, and no Party shall be deemed to have waived any defense or claim or be estopped from raising any defense or claim; (iii) this Stipulation and Settlement Agreement shall not be used in the Lawsuit or in any other proceeding for any purpose; (iv) all filings made by any Party or Cincinnati in this Court or in the Bankruptcy Court shall not be deemed an admission by any Party, and shall not be used in the Lawsuit or in any other proceeding;  (v) any order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*; and (vi) Cincinnati or Thalhimer shall take the steps necessary to inform the Bankruptcy Court that the Stipulation and Settlement Agreement is void so that the Bankruptcy Court may, should it deem it necessary and proper, modify or annul the Bankruptcy Order, if  entered.

**9.    Final Judgment.**

9.1    The Settling Parties shall jointly seek the Court's entry of a Final Judgment that includes provisions:

    a.  Granting final approval of this Stipulation and Settlement Agreement, and directing its implementation pursuant to its terms and conditions;

    b.  Finding that this Stipulation and Settlement Agreement is fair, reasonable, and adequate to the ESOP;

    c.  Discharging and releasing the Released Defendants and Brincefield from the Released Claims as provided in this Stipulation;

13

    d.   Directing dismissal of the Lawsuit with prejudice;

    e.   Reserving to the Court continuing and exclusive jurisdiction over

       the Parties with respect to the Stipulation and the Final Judgment.

**10.**    **Miscellaneous Provisions.**

10.1    The Settling Parties agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the terms and conditions of the Stipulation.

10.2    Plaintiff and the Special Fiduciary of the ESOP, on behalf of the ESOP, and the Defendants each represents and warrants that he has not assigned the Released Claims to any person.

10.3    This Settlement Agreement is an integrated contract, constitutes the entire agreement between the parties with respect to the subject matter hereof, and supersedes all prior agreements of the parties with respect to the matters covered by this Agreement.

10.4    The Settling Parties agree that the terms of the Settlement, including the payment provisions, were negotiated in good faith at arm's length by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

10.5    The Settling Parties represent and warrant that they have been fully advised by their attorneys concerning the terms of this Settlement Agreement, that each of them has fully read and understands the terms of this Settlement Agreement, and that each has fully and voluntarily agreed to enter into this Settlement Agreement. The Settling Parties represent and warrant that they rely wholly upon their own understanding of this Settlement Agreement and enter into this Settlement Agreement of their own free will without reliance upon any statement, inducement, promise, or representation of the other not fully expressed herein. Each Settling Party has had the opportunity

to, and has, in fact, conducted their investigation into the claims, defenses and propriety of settlement, and in entering this Settlement Agreement does so based upon their own investigation.

10.6    Other than as specified in this Stipulation and Settlement Agreement, the Parties will bear their own costs and attorneys' fees.

10.7    Virginia law shall govern this Stipulation and Settlement Agreement.

10.8    The United States District Court for the Eastern District of Virginia shall have exclusive jurisdiction to resolve any dispute arising out or related to this Stipulation and Settlement Agreement, and the Parties waive the right to have jury determine any fact at issue, to the extent that the Party would be entitled to a jury for resolution of any dispute arising out of related to this Stipulation.

10.9    Exhibit 1 to the Settlement Agreement may be executed in any number of counterparts, including by facsimile or electronic mail, each of which shall be deemed to be an original. All counterparts shall constitute one Settlement Agreement, binding on all parties, hereto, regardless of whether all parties are signatories to the same counterpart, but the Settlement Agreement will be without effect until and unless all parties to this Settlement Agreement have executed a counterpart.

10.10   Any headings, subheadings, or titles herein are used for purposes of convenience only and have no other legal force, meaning or effect.

10.11   The persons signing below represent and warrant that they are authorized to sign this Stipulation and Settlement Agreement on behalf of the person that they represent. This Stipulation is endorsed by the signature of counsel below for the Parties.

10.12   The Settling Parties endorsement is attached as Exhibit 1.

WE ASK FOR THIS:

Respectfully submitted:

_____/s/_____

Charles M. Sims (VSB No. 35845)
Eve G. Campbell (VSB No. 41490)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, VA 23219
(804) 403-7111 Telephone
csims@ohaganmeyer.com
ecampbell@ohaganmeyer.com

*Counsel for Nominal Defendant Morton G. Thalhimer, Inc.*


_____/s/_____

John H. Craddock, Jr. (VSB No. 41366)
Michele B. Craddock (VSB No. 65314)
P.O. Box 1067
White Stone, VA 22578
(804) 309-4200 Telephone
jcraddock@craddocklawfirm.com
mcraddock@craddocklawfirm.com

Kevin P. Roddy (VSB No. 22364)
James E. Tonrey, Jr. (*admitted pro hac vice*)
Wilentz, Goldman & Spitzer PA
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
(732) 636-7000 Telephone
kroddy@wilentz.com
jtonrey@wilentz.com

*Counsel for Plaintiff*


_____/s/_____

Laura Windsor (VSB No. 70354)
Brendan O'Tolle (VSB No. 71329)
Meredith M. Haynes (VSB #80163)
WILLIAMS MULLEN
200 South 10th Street
Richmond, VA 23219
lwindsor@williamsmullen.com
botoole@williamsmullen.com

16

mhaynes@williamsmullen.com

*Counsel for Defendants Paul F. Silver, C. Lee Warfield, III,*
*Evan M. Magrill, David R. Dustin, Jr., and Jeffrey S. Bisger*


_____/s/_____

Mary D. Hallerman (VSB No. 80430)
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington DC 20001
(202) 756-8738 Telephone
mhallerman@mwe.com

J. Christian Nemeth (*admitted pro hac vice*)
Peter B. Allport (*admitted pro hac vice*)
McDermott Will & Emery LLP
444 West Lake Street
Chicago, IL 60606
jnemeth@mwe.com

Eliot T. Burris (*admitted pro hac vice*)
McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
eburris@mwe.com

*Counsel for Defendant Lance T. Studdard*

Exhibit 1

## AGREEMENT TO BE BOUND BY STIPULATION OF SETTLEMENT AND SETTLEMENT AGREEMENT

The Persons, by their signature below, agree to be bound by the Stipulation of Settlement and Settlement Agreement, filed with the United States District Court in the case *Brincefield v. Studdard, et al.*, Case No. 3:17cv718.

By their signatures:

_____
**Steven B. Brincefield, in his Individual Capacity and on behalf of the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan**

**Steven B. Brincefield Revocable Trust**

By _____
Steven B. Brincefield, Its Trustee

**Morton G. Thalhimer, Inc. Employee Stock Ownership Plan**

By_____
Howard Kaplan, Its Special Fiduciary (Solely for the purpose of approving the Settlement as fair, reasonable, and adequate to the ESOP, and agreeing on behalf of the ESOP to the Released Claims against the Released Parties)

_____
**Lance T. Studdard**

_____
**Jeffrey S. Bisger**

_____
**Evan M. Magrill**

_____
**Paul F. Silver**

_____
**C. Lee Warfield, III**

_____
**David R. Dustin, Jr.**

**Morton G. Thalhimer, Inc.**

By:_____

Its: _____

Exhibit 1

## AGREEMENT TO BE BOUND BY STIPULATION OF SETTLEMENT
## AND SETTLEMENT AGREEMENT

The Persons, by their signature below, agree to be bound by the Stipulation of Settlement

and Settlement Agreement, filed with the United States District Court in the case *Brincefield v.*

*Studdard, et al.*, Case No. 3:17cv718.

By their signatures:

_____
**Steven B. Brincefield, in his Individual
Capacity and on behalf of the Morton G.
Thalhimer, Inc. Employee Stock Ownership
Plan**

**Steven B. Brincefield Revocable Trust**

By_____
Steven B. Brincefield, Its Trustee

**Morton G. Thalhimer, Inc. Employee Stock
Ownership Plan**

By_____
Howard Kaplan, Its Special Fiduciary (Solely for
the purpose of approving the Settlement as fair,
reasonable, and adequate to the ESOP, and
agreeing on behalf of the ESOP to the Released
Claims against the Released Parties)

_____
**Lance T. Studdard**

_____
**Jeffrey S. Bisger**

_____
**Paul F. Silver**

_____
**C. Lee Warfield, III**

_____
**Evan M. Magrill**

_____
**David R. Dustin, Jr.**

**Morton G. Thalhimer, Inc.**

By:_____

Its: _____

Exhibit 1

## AGREEMENT TO BE BOUND BY STIPULATION OF SETTLEMENT
## AND SETTLEMENT AGREEMENT

The Persons, by their signature below, agree to be bound by the Stipulation of Settlement

and Settlement Agreement, filed with the United States District Court in the case *Brincefield v.*

*Studdard, et al.*, Case No. 3:17cv718.

By their signatures:

_____

**Steven B. Brincefield, in his Individual
Capacity and on behalf of the Morton G.
Thalhimer, Inc. Employee Stock Ownership
Plan**

**Steven B. Brincefield Revocable Trust**

By_____
Steven B. Brincefield, Its Trustee

**Morton G. Thalhimer, Inc. Employee Stock
Ownership Plan**

By_____
Howard Kaplan, Its Special Fiduciary (Solely for
the purpose of approving the Settlement as fair,
reasonable, and adequate to the ESOP, and
agreeing on behalf of the ESOP to the Released
Claims against the Released Parties)

_____
**Lance T. Studdard**

_____
**Paul F. Silver**

_____
**Jeffrey S. Bisger**

_____
**C. Lee Warfield, III**

_____
**Evan M. Magrill**

_____
**David R. Dustin, Jr.**

**Morton G. Thalhimer, Inc.**

By:_____

Its: _____

Exhibit 1

## AGREEMENT TO BE BOUND BY STIPULATION OF SETTLEMENT AND SETTLEMENT AGREEMENT

The Persons, by their signature below, agree to be bound by the Stipulation of Settlement and Settlement Agreement, filed with the United States District Court in the case *Brincefield v. Studdard, et al.*, Case No. 3:17cv718.

By their signatures:

---
**Steven B. Brincefield, in his Individual Capacity and on behalf of the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan**

**Steven B. Brincefield Revocable Trust**

By_____
Steven B. Brincefield, Its Trustee

**Morton G. Thalhimer, Inc. Employee Stock Ownership Plan**

By_____
Howard Kaplan, Its Special Fiduciary (Solely for the purpose of approving the Settlement as fair, reasonable, and adequate to the ESOP, and agreeing on behalf of the ESOP to the Released Claims against the Released Parties)

---
**Lance T. Studdard**

---
**Jeffrey S. Bisger**

---
**Evan M. Magrill**

---
**Paul F. Silver**

---
**C. Lee Warfield, III**

---
**David R. Dustin, Jr.**

---
**Morton G. Thalhimer, Inc.**

By: _____

Its: ___*CEO*___

**Exhibit 1**

## AGREEMENT TO BE BOUND BY STIPULATION OF SETTLEMENT
## AND SETTLEMENT AGREEMENT

The Persons, by their signature below, agree to be bound by the Stipulation of Settlement

and Settlement Agreement, filed with the United States District Court in the case *Brincefield v.*

*Studdard, et al.*, Case No. 3:17cv718.

By their signatures:

_____
**Steven B. Brincefield, in his Individual
Capacity and on behalf of the Morton G.
Thalhimer, Inc. Employee Stock Ownership
Plan**

**Steven B. Brincefield Revocable Trust**

By_____
Steven B. Brincefield, Its Trustee

**Morton G. Thalhimer, Inc. Employee Stock
Ownership Plan**

By_____
Howard Kaplan, Its Special Fiduciary (Solely for
the purpose of approving the Settlement as fair,
reasonable, and adequate to the ESOP, and
agreeing on behalf of the ESOP to the Released
Claims against the Released Parties)

_____
**Lance T. Studdard**

_____
**Paul F. Silver**

_____
**Jeffrey S. Bisger**

_____
**C. Lee Warfield, III**

_____
**Evan M. Magrill**

_____
**David R. Dustin, Jr.**

**Morton G. Thalhimer, Inc.**

By:_____

Its: _____

Exhibit 1

## AGREEMENT TO BE BOUND BY STIPULATION OF SETTLEMENT AND SETTLEMENT AGREEMENT

The Persons, by their signature below, agree to be bound by the Stipulation of Settlement and Settlement Agreement, filed with the United States District Court in the case *Brincefield v. Studdard, et al.*, Case No. 3:17cv718.

By their signatures:

_____
**Steven B. Brincefield, in his Individual Capacity and on behalf of the Morton G. Thalhimer, Inc. Employee Stock Ownership Plan**

**Steven B. Brincefield Revocable Trust**

By_____
Steven B. Brincefield, Its Trustee

**Morton G. Thalhimer, Inc. Employee Stock Ownership Plan**

By_____
Howard Kaplan, Its Special Fiduciary (Solely for the purpose of approving the Settlement as fair, reasonable, and adequate to the ESOP, and agreeing on behalf of the ESOP to the Released Claims against the Released Parties)

_____
**Lance T. Studdard**

_____
**Paul F. Silver**

_____
**Jeffrey S. Bisger**

_____
**C. Lee Warfield, III**

_____
**Evan M. Magrill**

_____
**David R. Dustin, Jr.**

**Morton G. Thalhimer, Inc.**

By:_____

Its: _____

**Exhibit 1**

## AGREEMENT TO BE BOUND BY STIPULATION OF SETTLEMENT
## AND SETTLEMENT AGREEMENT

The Persons, by their signature below, agree to be bound by the Stipulation of Settlement

and Settlement Agreement, filed with the United States District Court in the case *Brincefield v.*

*Studdard, et al.*, Case No. 3:17cv718.

By their signatures:

_____
**Steven B. Brincefield, in his Individual
Capacity and on behalf of the Morton G.
Thalhimer, Inc. Employee Stock Ownership
Plan**

**Steven B. Brincefield Revocable Trust**

By_____
Steven B. Brincefield, Its Trustee

**Morton G. Thalhimer, Inc. Employee Stock
Ownership Plan**

By_____
Howard Kaplan, Its Special Fiduciary (Solely for
the purpose of approving the Settlement as fair,
reasonable, and adequate to the ESOP, and
agreeing on behalf of the ESOP to the Released
Claims against the Released Parties)

_____
**Lance T. Studdard**

_____
Paul F. Silver

_____
**Jeffrey S. Bisger**

_____
**C. Lee Warfield, III**

_____
**Evan M. Magrill**

_____
**David R. Dustin, Jr.**

**Morton G. Thalhimer, Inc.**

By:_____

Its: _____

Exhibit 1

## AGREEMENT TO BE BOUND BY STIPULATION OF SETTLEMENT AND SETTLEMENT AGREEMENT

The Persons, by their signature below, agree to be bound by the Stipulation of Settlement

and Settlement Agreement, filed with the United States District Court in the case *Brincefield v.*

*Studdard, et al.*, Case No. 3:17cv718.

By their signatures:

_____
**Steven B. Brincefield, in his Individual
Capacity and on behalf of the Morton G.
Thalhimer, Inc. Employee Stock Ownership
Plan**

**Steven B. Brincefield Revocable Trust**

By_____
Steven B. Brincefield, Its Trustee

**Morton G. Thalhimer, Inc. Employee Stock
Ownership Plan**

By_____
Howard Kaplan, Its Special Fiduciary (Solely for
the purpose of approving the Settlement as fair,
reasonable, and adequate to the ESOP, and
agreeing on behalf of the ESOP to the Released
Claims against the Released Parties)

_____
**Lance T. Studdard**

_____
**Paul F. Silver**

_____
**Jeffrey S. Bisger**

_____
**C. Lee Warfield, III**

_____
**Evan M. Magrill**

_____
**David R. Dustin, Jr.**

**Morton G. Thalhimer, Inc.**

By:_____

Its: _____